JESSICA CLARK and MARMADUKE V. CLARK, Respondents, v. MIDTOWN HOMES, INC., Appellant.— In an action by a wife to recover damages for personal injuries sustained when she tripped and fell on a stairway in a house which she was invited to inspect, and by her husband for loss of services and expenses, judgment for plaintiffs unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.

COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on Complaint of OLGA BULAVKO, Respondent, v. WALTER KOZLOFF, Appellant.— Order of filiation of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], adjudging the defendant to be the father of a child born to the complainant, directing that he pay seven dollars a week for the support and education of the child, and granting other relief, unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.

COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on the Complaint of SARAH RESHETNIK, Respondent, v. MEYER MINKIN, Also Known as MEYER MENKIN, Appellant.— Appeal by defendant from an order of filiation of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings]. Order unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ.

JOSEPH J. CREAMER, Doing Business under the Firm Name and Style of CREAMER REALTY CO., Respondent, v. EMIGRANT INDUSTRIAL SAVINGS BANK, Appellant.— Action to recover damages for breach of a real estate brokerage contract. Order granting plaintiff's motion for permission to serve and file an amended complaint affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

MARGARITA DOUGHERTY, as Administratrix, etc., of FLORENCE DOUGHERTY, Deceased, Respondent, v. DOROTHY SHAPIRO, Appellant.— Action to recover damages for personal injuries suffered by the plaintiff's intestate by reason of falling while in a yard controlled by the defendant. The issues were tried and submitted to the jury, which rendered a verdict in favor of the plaintiff upon which judgment was entered. Defendant appeals therefrom. Judgment in favor of the plaintiff reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. The proof discloses no negligence on the part of the defendant which caused the accident through which the plaintiff's intestate suffered the injuries complained of, and the proof further failed to establish that plaintiff's intestate was free from contributory negligence. The defendant's motion for a direction of a verdict should have been granted. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.